FEURY ET AL., PLAINTIFFS, v. REID ICE CREAM COMPANY ET AL., DEFENDANTS.

Argued May 6, 1924—Decided October 7, 1924—Filed October 24, 1924.

Negligence—Small Child Run Over by Motor Truck—Judgment Against Owner but No Finding Against Driver—Driver, Accordingly, Not Harmed up to this Time—Theory that Failure to Find Verdict Against Servant Amounts to Exoneration Which, in Effect, Bars a Finding Against Master Not Adopted—Judgment Excessive and Ordered Reduced or New Trial.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Zeigener & Lane.*

For the defendants, *Marshall Van Winkle.*

PER CURIAM.

The infant plaintiff, a child of about four and one-half years, was run over in Monticello avenue, Jersey City, by an auto truck belonging to the defendant Reid Ice Cream Company and driven by the defendant Hasse. The father, appearing as next friend, also sued for damages *per quod.* The child lost one leg at the knee joint. The jury rendered a verdict of $25,000 in favor of the infant plaintiff and $3,000 for the father against the ice cream company alone, without making any finding either for or against the defendant Hasse. Both

defendants ask for a new trial, and this, partly because the record is defective in failing to exhibit a verdict as respects the liability of Hasse. As to the application of Hasse for a new trial, we cannot see that any harm has been done him up to this time. It would appear that if there was no verdict either for or against him his case has never been fully tried, and the situation is as though there had been a mistrial. At all events, no new trial can be awarded on his application.

As to the Reid Ice Cream Company, we are likewise unable to see that it is legally injured by the failure of the jury to make any finding as respects the guilt of a co-defendant joined as a joint tort-feasor, especially as the Reid company is distinctly charged with negligence in failing to have the brakes of the car in good order, something for which Hasse normally would not be responsible. Defendant's counsel cites a number of cases which he claims establish the proposition that a failure to find a verdict against the servant amounts to an exoneration of the servant, and that this, in effect, bars the jury from finding against the master; but we are unable to read any such deduction from an examination of the cases cited, and, consequently, are of the opinion that the verdict should not be disturbed on any such ground.

The charge of the court on contributory negligence upon the part of a young child is challenged, but we think that the rule in this respect was correctly charged.

The last point relating to charge about the duty of the driver to inspect brakes is based upon the claim that there is no evidence to show that the brakes were out of order. There was some evidence, perhaps not very strong, but still sufficient to raise a jury question in that regard.

As to the amount of the verdict, the award of the father does not seem to be challenged. As to the child, it is said that $25,000 is excessive, and we think that it is. In our judgment a verdict of $15,000 should be ample under the circumstances. If the plaintiff will consent that judgment be entered in this reduced amount, the rule will be discharged; otherwise it will be made absolute and a new trial ordered, not restricted to amount of damages.